UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEN BLACKMAN | No. 13 CR 279<br><br>Judge John Z. Lee |

MOTION FOR ENTRY OF
PROTECTIVE ORDER GOVERNING DISCOVERY

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a), the United States of America, by GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, moves for the entry of a protective order, and in support thereof states as follows:

1. The indictment in this case charges defendant with unlawful possession of a weapon by a felon, in violation of Title 18, United States Code, Section 922(g)(1). Defendant was charged in this case following an investigation which included the interception of certain communications pursuant to orders issued by the Chief Judge or Acting Chief Judge in accordance with Title 18, United States Code, Section 2518.

2. Pursuant to Title 18, United States Code, § 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing or other judicial proceeding unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce to defendant and defendant's counsel copies of the

sealed applications, affidavits, and orders authorizing the interception of wire communications in this case.[1]

3. The government requests this Court to direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that incorporate the contents of the wire interceptions, be subject to the conditions set forth in the proposed protective order.

4. The need for a proposed protective order for wire materials arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, a driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but who not have been charged. Although the wiretap applications, affidavits and orders are being disclosed to defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star,* 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute

---

[1] The applications, affidavits, and orders contain sensitive personal identifying information, as well as information, the disclosure of which could have a detrimental impact on the government's continuing investigation and the safety of witnesses. Therefore, the government reserves the right to redact certain information from these pleadings prior to their disclosure to defendant and defendant's counsel.

called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

5. In addition to wire materials, the discovery to be provided by the government in this case also includes sensitive information, whose unrestricted dissemination could adversely affect law enforcement interests, security concerns, and the privacy interests of third parties. Specifically, there may be reports containing the identities of third parties who have provided information to the government on a confidential basis, the disclosure of which could implicate privacy or security concerns. Furthermore, because this case is part of an ongoing law enforcement investigation into criminal activity, disclosure of certain reports could implicate the government's interest in maintaining the confidentiality of non-public information. The government will mark materials falling into these categories as SENSITIVE.

6. Counsel for the defendant has informed the government that she objects to the entry of the protective order.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order relating to wire materials, including the content of intercepted wire and electronic communications, and the sealed applications, affidavits, and orders authorizing the interception of wire communications in this case, which are being provided to defendant and defendant's counsel as contemplated by Title 18, United States Code, Section 2518(9); as well as to any other materials deemed sensitive that may subsequently be turned over in connection with this case.

    Respectfully submitted,

    GARY S. SHAPIRO
    United States Attorney

By: /s/ Andrianna D. Kastanek
    ANDRIANNA D. KASTANEK
    Assistant U.S. Attorney

4

219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-0974

Case: 1:13-cr-00279 Document #: 20 Filed: 04/22/13 Page 4 of 5 PageID #:46

4